**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| APRIL ROSE WILKENS, Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-254-M |
| RON WARD, *et al.* Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her federal constitutional rights. Plaintiff filed a Complaint in the Northern District of Oklahoma which was transferred to this district [Doc. #1], and Plaintiff thereafter filed a "Supplement to Amended Civil Right Complaint; Request for Temporary Restraining Order and/or Preliminary Injunction" [Doc. #32] (Supplemental Complaint). The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court are the following motions: (1) Defendants' Motion to Dismiss/Motion for Summary Judgment and Brief in Support [Doc. #44]; and (2) Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. #51] (Emergency Motion).[1] For the reasons set forth below, it is recommended that Defendants' Motion to Dismiss be granted and this action be dismissed without prejudice on the ground that Plaintiff has failed to satisfy the exhaustion requirement

[1]Plaintiff's Emergency Motion seeks essentially the same relief sought in Plaintiff's Supplemental Complaint.

of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), as to each claim asserted. Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction should be denied as moot.

**Background**

At all times relevant to this action, Plaintiff has been incarcerated in the Mabel Bassett Correctional Center. In her Complaint, Plaintiff contends that Defendants have been deliberately indifferent to her serious dental needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff further states that Defendants revoked her authorization to receive special acne cleansers and medications from an outside source.[2]

In her Supplemental Complaint, Plaintiff asserts an additional Eighth Amendment claim premised on an alleged failure of prison officials to protect her from another inmate. She seeks injunctive relief, including a court order requiring prison officials to house the other inmate in a different prison and keep them separated. Supplemental Complaint at 5. In her Emergency Motion, Plaintiff states that the inmate who previously assaulted her has been released from the Segregated Housing Unit and is currently housed in the same facility "albeit on the other side of the yard." Emergency Motion at 1. According to Plaintiff, the inmate could easily assault Plaintiff again. Plaintiff claims that prison officials are failing

[2]In her Response [Doc. #46], Plaintiff states that she is now permitted to receive skin care products from an outside source and that she received the products on May 10, 2005 and May 26, 2005. *See* Response at 3. It appears, therefore, that this claim for relief, regardless of its dubious merit as a constitutional claim, may be moot.

to protect her from danger and asks this Court to order prison officials to hold the other inmate in the Segregated Housing Unit or to move one of them to a different prison.

Defendants have moved for dismissal of Plaintiff's action on the ground that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). In the alternative, Defendants have moved for summary judgment on the merits of Plaintiff's claims asserted in the Complaint. Additionally, Defendants have responded to Plaintiff's Emergency Motion seeking denial on the merits.[3] Because Plaintiff's failure to exhaust her administrative remedies mandates dismissal of the entire action, the merits of Plaintiff's claims are not addressed.

**Exhaustion of Administrative Remedies**

The PLRA, 42 U.S.C. § 1997e(a), mandates exhaustion of administrative remedies in actions, such as this one, challenging prison conditions. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Actions filed before the exhaustion requirement is satisfied must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-741 (2001); *see also Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) ("[T]he substantive meaning of §1997e(a) is clear: resort to a prison grievance process must precede resort to a court.").

[3]Defendants did not assert failure to exhaust as a ground for dismissing Plaintiff's claim for injunctive relief. The Court addresses the exhaustion issue as it relates to the Supplemental Complaint based on its screening obligations under 28 U.S.C. § 1915A.

Section 1997e(a) requires an inmate not only to initiate the grievance process, but to follow the process to its end. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies."). Moreover, under Tenth Circuit precedent, an inmate must exhaust administrative remedies as to each claim raised in the action. Pursuant to this total exhaustion requirement, the presence of unexhausted claims in the prisoner's complaint requires dismissal of the entire action. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).

**The Grievance Process of the Oklahoma Department of Corrections**

The Oklahoma Department of Corrections (DOC) has set forth its Inmate/Offender Grievance Process in policy #OP-090124. The policy requires prison officials to make materials and forms readily available and to explain the grievance process during inmate orientation. *See* OP -090124 § III(A)-(B). There are three stages to the grievance process: informal resolution, formal grievance, and appeal to the Administrative Review Authority or Chief Medical Officer of the DOC.[4]

The policy requires an inmate to attempt informal resolution before filing a formal grievance. First, an inmate must attempt to resolve the complaint informally by talking with

[4]"Administrative Review Authority" is defined as "t[he] director, chief medical officer [of the DOC] or their designee to whom the formal grievance is submitted for final appeal." OP-090124 § I(E).

the case manager, supervising employee or other appropriate staff within three days of the incident. OP-090124 § IV(A). If the first attempt to resolve the issue is unsuccessful, the inmate must then submit a Request to Staff to an appropriate staff member stating the problem completely but briefly. Requests to Staff must be submitted within seven calendar days of the incident forming the basis of the request. OP-090124 § IV(B)(1)-(2). The Staff is directed to attempt to resolve the issue and to respond in writing to the Request within ten days. OP-090124 § IV(B)(3). If an inmate receives no response to a Request to Staff within thirty calendar days of its submission, "the inmate may file a grievance to the reviewing authority with evidence of submitting the 'Request to Staff' to the proper staff member." OP-090124 § IV(B)(6).[5]

If the inmate's complaint is not resolved informally, the inmate may file a formal grievance by submitting to the facility's reviewing authority a completed "Inmate/Offender Grievance Report Form" along with the original "Request to Staff" form used in the informal process.[6] OP-090124 § V(A). A Grievance Report generally must be submitted within fifteen calendar days of the incident or the date of the response to the Request to Staff, whichever is later, but the policy includes exceptions to this time limit not relevant to this case. *See* OP-090124 § V(A)(1)-(3). The reviewing authority is directed to respond to the

[5]"Reviewing Authority" is defined as "[t]he facility head or facility correctional health services administrator where the incident occurred[.]" OP-090124 § I(D). The "Reviewing Authority" as used in this section is not the "Administrative Review Authority" of the DOC to whom appeals from formal grievances are submitted.

[6]"All medical grievances will be submitted to the facility's correctional health services administrator for resolution." OP-090124 § V(A)(5).

inmate's grievance within fifteen working days of receipt of the grievance. OP-090124 § V(C)(1). The response time may be extended up to fifteen additional days if the reviewing authority so notifies the inmate in writing. OP-090124 § V(C)(3). Upon receipt of a grievance, the reviewing authority is to assign a grievance number and category code and to stamp or show the date of receipt. OP-090124 § VI(A). The reviewing authority is directed to respond on a "Grievance Response from Reviewing Authority" form. OP-090124 § VI (B).

If there has been no response by the reviewing authority within thirty calendar days of submission, the inmate "may send a grievance, asserting only that his grievance was not answered, to the administrative review authority or chief medical officer with evidence of submitting the grievance to the proper reviewing authority." OP-090124 § V(C)(4). An inmate who has received a response to a grievance may make a final appeal to the administrative review authority or chief medical officer within fifteen days of receipt of the reviewing authority's response. OP-090124 § VII(B).

**Plaintiff's Efforts at Exhaustion**

In this case, Plaintiff made attempts to address her claims through the DOC grievance process. But incomplete attempts to invoke administrative remedies is not enough. A plaintiff is charged with the duty to show that each step of the grievance procedure has been completed as to each claim asserted in the action. The Tenth Circuit has held that § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele*, 355 F.3d at 1210. "To ensure compliance with the [PLRA,] a prisoner must provide a comprehensible statement of his

claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

One section of Plaintiff's Complaint addresses her attempts to exhaust administrative remedies as to her dental and medical claims. See Complaint at 27-34. In further support of her allegations of exhaustion, Plaintiff attaches to the Complaint an Appendix containing "Documents Evidencing Exhaustion of Administrative and Other Remedies." Plaintiff submits the following documents evidencing her efforts:

Regarding dental care:

1. Informal Resolution: A Request to Staff dated December 3, 2004, directed to Deborah Graumann, Health Services Administrator, complaining of inadequate dental care. There is no written disposition or staff signature.

2. Formal Grievance: An Inmate/Offender Grievance Report dated December 14, 2004, directed to Deborah Graumann, Heath Services Administrator, complaining of inadequate dental care and Plaintiff's unanswered December 3, 2004 Request to Staff. Plaintiff's Grievance Report states that the original Request to Staff could not be attached because Ms. Graumann had not responded but states that a copy of the Request to Staff is attached. There is no written response to the grievance.

3. Appeal of Unanswered Grievance: An Inmate/Offender Grievance Report dated January 4, 2005, designated as an "appeal to DOC" and directed to Michael Jackson, DOC Medical Director, complaining of inadequate dental care and her unanswered Request to Staff of December 3, 2004, and her unanswered Grievance Report of December 14, 2004. Plaintiff states that the original Request to Staff and Grievance could not be attached because they had not been returned to her with responses, but she states that copies are attached.

4. Appeal Returned: A letter from Dennis Cotner, DOC Medical Services Administrator, dated February 7, 2005, informing Plaintiff that her grievance correspondence dated January 4, 2005 was being returned unanswered because there was no staff response to the Request to Staff, because a completed Grievance Response from Reviewing Authority was not submitted, because

a medical grievance was not submitted to the facility's health services administrator, because Plaintiff had attached one additional page to her grievance and because a photocopy of the December 3, 2005 Request to Staff had been submitted. Mr. Cotner warns that a grievance restriction may be imposed for any subsequent misuse and/or abuse of the grievance process. He also advises Plaintiff to document her dental concerns on a "Request for Medical Services" form and submit it through the sick call process at the facility.

Regarding skin medication:

5. Informal Resolution: Two Requests to Staff directed to Ms. Tosto dated September 11, 2004, and September 12, 2004, and two Requests to Staff directed to Deborah Graumann dated September 24, 2004, and October 22, 2004, all regarding Plaintiff's requests to receive acne medications from an outside source. All of these Requests to Staff were answered, and all denied Plaintiff's requests.

6. Formal Grievance: An Inmate/Offender Grievance Report dated November 1, 2004, directed to Deborah Graumann and requesting acne medication from an outside source. Plaintiff attaches the original answered Requests to Staff. There is no written response to the grievance.

7. Appeal of Unanswered Grievance: An Inmate/Offender Grievance Report dated November 23, 2004, designated as an appeal to DOC and directed to the DOC Medical Director, Michael Jackson, concerning Plaintiff's acne medication and her unanswered November 1, 2004 grievance. Plaintiff states that Ms. Graumann has not responded to her grievance.

8. Appeal Returned: A letter dated January 5, 2005, from Dennis Cotner, DOC Medical Services Administrator, returning Plaintiff's November 23, 2004, grievance correspondence unanswered because Plaintiff had failed to include a completed Grievance Response from the Reviewing Authority, had attached an additional two pages to her grievance and has submitted photocopies of the Request to Staff and Grievance. He states that Plaintiff can resubmit her grievance correspondence within ten days.

9. Appeal Resubmitted: An Inmate/Offender Grievance Report dated January 10, 2005, directed to Dennis Cotner, Medical Services Administrator. Plaintiff states that she is "resubmitting my 23 Nov. 2004 Grievance Appeal."

Plaintiff explains that she cannot submit a "completed" grievance response because she received no response to the grievance.

10. Appeal Returned: A letter dated February 10, 2005, from Dennis Cotner returning Plaintiff's January 10, 2005, grievance correspondence unanswered because neither a Request to Staff form nor a completed Grievance Response from Reviewing Authority report were submitted. He also states that a medical grievance was not submitted to the facility's health services administration. Mr. Cotner issued a "restriction warning for misuse of the grievance process." The letter warned Plaintiff that a grievance restriction would be imposed for any subsequent misuses and/or abuses of the grievance process. Again, Mr. Cotner advises Plaintiff that if she needs medical assistance, she must submit a Request for Medical Services form to the medical unit at her facility.[7]

Defendants have submitted an affidavit from Shari Jones, a Nurse Manager at Mabel Bassett Correctional Center, indicating that there is no record of Plaintiff forwarding a December 14, 2004 Grievance to the attention of the Health Services Administrator. *See* Special Report, Attachment 4. In her Response, Plaintiff reiterates that she submitted the grievances directly to Ms. Graumann and contends that the impediment to exhausting her administrative remedies was caused by Defendant Graumann's failure to respond to Plaintiff's Grievances. Plaintiff's Response [Doc. #46] at 5.[8] Defendants have not submitted

---

[7]The Special Report contains a number of Plaintiff's Requests for Medical Services relating to medical and dental care. *See* Special Report [Doc. #43].

[8]As described above, the Grievance Process addresses the issue of unanswered Requests to Staff and Grievances:

> If there has been no response in 30 calendar days of submission [of a Request to Staff], the inmate may file a grievance to the reviewing authority with evidence of submitting the "Request to Staff" to the proper staff member.

OP-090124, Section IV(B)(6).

(continued...)

an affidavit from Defendant Graumann. Although the letters from Mr. Cotner assert a lack of required documentation and lack of compliance with requirements of the grievance process, Plaintiff's assertions raise disputed issues of material facts regarding Plaintiff's efforts to exhaust remedies through the Grievance Process. Mr. Cotner's letters ignore Plaintiff's assertions that she received no responses to her grievances. And no affidavit of Ms. Graumann was provided to address Plaintiff's assertions that she delivered her Grievance Reports to Ms. Graumann directly. Therefore, as to Plaintiff's claims relating to medical and dental care, the documentation before the Court supports Plaintiff's assertions that she took the required steps to exhaust her administrative remedies. On this record, Plaintiff has met her pleading burden as to exhaustion of these claims, but factual disputes in the record prevent any judgment as a matter of law as to whether Plaintiff in fact failed to comply with the requirements of the Grievance Process as to her medical and dental claims, as Defendants claim.

The record requires an entirely different conclusion regarding Plaintiff's third claim asserted in this action. Documentation attached to Plaintiff's Supplemental Complaint

---

[8](...continued)

> If there has been no response by the reviewing authority within 30 calendar days of submission [of a Grievance], the inmate/offender may send a grievance, asserting only that his grievance was not answered, to the administrative review authority or chief medical officer with evidence of submitting the grievance to the proper reviewing authority.

OP-090124, Section V(C)(4). Plaintiff's documentation of her attempts to exhaust her administrative remedies shows that before the thirty-day time period had lapsed for response she filed appeals to the DOC Administrative Review Authority, complaining that she had received no responses. Defendants, however, have not asserted that the timing of Plaintiff's appeals constitutes a failure to exhaust.

clearly establishes Plaintiff's failure to fully exhaust the available administrative remedies regarding her claim that prison officials are failing to protect her from harm from another inmate. Plaintiff attaches six Requests to Staff and one Grievance Report addressing her perception that she was in danger due to the proximity of another inmate. *See* Supplemental Complaint, Exhibits A-E, G and I. But, significantly, no appeals to the DOC Administration Review Authority are included. Plaintiff has clearly failed to show that she has followed the grievance process to its end to exhaust available administrative remedies regarding her failure to protect claim. *See Jernigan, supra* at 1032 (Section 1997e(a) requires an inmate not only to initiate the grievance process, but to follow the process to its end). Because Plaintiff asserts an unexhausted claim, the entire action must be dismissed. *Ross v. County of Bernalillo, supra* at 1189.

**<u>Plaintiff's Emergency Motion</u>**

In her Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. #51], Plaintiff addresses the same claims asserted in her Supplemental Complaint. Because this action must be dismissed in its entirety for failure to exhaust administrative remedies, Plaintiff's Emergency Motion should be denied as moot.[9]

---

[9]Defendants have addressed Plaintiff's Emergency Motion on its merits. Even if a determination on the merits were appropriate, however, Plaintiff's Emergency Motion is wholly without merit and should be denied. Plaintiff seeks the extraordinary and drastic remedy of preliminary injunctive relief and would have this Court order prison officials to transfer an inmate to a different facility away from Plaintiff and maintain their separation. Such relief would fall into the category of mandatory injunctive relief, a disfavored form of injunctive relief. *See Schrier v. University of Colorado*, 427 F.3d 1253, 1258-1261 (10th Cir. 2005)(describing a "mandatory" injunction as one requiring the nonmovant to act in a particular way and requiring the issuing court (continued...)

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss [Doc. #44] be granted on the ground that Plaintiff has failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a) as to all claims asserted in this action. Plaintiff's action should be dismissed without prejudice to refiling. It is further recommended that Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. #51] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by January __26th__, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate

---

[9](...continued)
to provide ongoing supervision to assure the nonmovant is abiding by the injunction). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259 (internal quotations and citations omitted). Moreover, federal courts generally do not intrude into the daily operations of prisons because prison officials retain broad discretion in administering jails and prisons. *See Turner v. Safley,* 482 U.S. 78, 84-85 (1987). This discretion certainly extends to inmate housing decisions.

Having closely scrutinized the exigencies of this case, the Court finds that Plaintiff's own allegations demonstrate the lack of merit in Plaintiff's claim. According to her own allegations, Plaintiff was attacked once, after which prison officials punished the perpetrator and separated the two inmates. Plaintiff has alerted prison officials to her fear of the other inmate. She has requested that she and the other inmate be separated, and they have been. Plaintiff has provided no proof that the separation has not been sufficient to protect her or that she is in danger of immediate and irreparable injury. *See Mazurek v. Armstrong,* 520 U.S. 968, 972 (1977) (preliminary injunctive relief is an extraordinary and drastic remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion).

review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this _6th__ day of January, 2006.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE