## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

APRIL ROSE WILKENS,                     )
                              Plaintiff, )
v.                                       )          Case No. CIV-05-254-M
                                         )
RON WARD, *et al.*                       )
                            Defendants.  )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her federal constitutional rights. The matter has been recommitted for further proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. #51] (Plaintiff's Motion for Preliminary Injunction) is currently before the Court.[1] Defendants have filed a response [Doc. #52] (Defendants' Response), and the Motion is at issue. For the reasons set forth below, it is recommended that Plaintiff's Motion for Preliminary Injunction be denied.

In her Complaint, Plaintiff contends that Defendants have been deliberately indifferent to her serious dental needs in violation of the Eighth Amendment's prohibition of cruel and

---

[1]In a Report and Recommendation entered on January 6, 2006, it was recommended that Plaintiff's action be dismissed for failure to exhaust administrative remedies for all claims asserted and that Plaintiff's Motion for Preliminary Injunction be denied as moot. *See* Report and Recommendation [Doc. #53]. This recommendation was not adopted by the District Court, and the Court made no further disposition of Plaintiff's Motion on the merits. *See* Orders [Doc. ##55 and 58].

unusual punishment.  Plaintiff further states that Defendants revoked her authorization to receive special acne cleansers and medications from an outside source.

In a Supplemental Complaint [Doc. #32] filed after her original Complaint, Plaintiff asserts an additional Eighth Amendment claim premised on an alleged failure of prison officials at Mabel Bassett Correctional Center to protect her from her former cellmate at the facility.  Plaintiff alleges that she was assaulted by her former cellmate on May 29, 2005, and that certain correctional officials knew of her cellmate's menacing nature and did nothing to prevent the assault.  To prevail on such a claim, Plaintiff would be required to prove that Defendants knew of and disregarded "an excessive risk to [her] health and safety."  *Farmer v.* Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference, not negligence or even gross negligence, regarding a substantial risk of serious harm must be alleged in a failure to protect claim.  *See Id.* at 842-83.  In her Supplemental Complaint, Plaintiff seeks an injunction requiring prison officials to keep her former cellmate in the segregated housing unit "for an extended period of time" and then to house her at a different prison.  Supplemental Complaint at 4-5.

In her Motion for Preliminary Injunction, Plaintiff seeks essentially the same relief sought in her Supplemental Complaint.  Plaintiff states that she was physically assaulted by her former cellmate at the facility on May 29, 2005.  She states that the inmate who assaulted her was convicted of a Class X offense and was placed in disciplinary segregation.  She states that on September 21, 2005, the inmate was released from the segregated housing unit and is currently housed in the same prison facility "albeit on the other side of the yard."

2

Motion for Preliminary Injunction at 1.  According to Plaintiff, the inmate could easily assault Plaintiff again.  Plaintiff requests a preliminary injunction requiring prison officials to hold the other inmate in the segregated housing unit or to transfer one of them to a different prison.

Preliminary injunctive relief is an extraordinary and drastic remedy that "'should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948, pp. 129-30 (2d ed. 1995)).  To obtain a preliminary injunction, the movant must persuade the court:  (1) that there is a substantial likelihood that she will succeed on the merits of her claim; (2) that irreparable harm will occur if preliminary injunctive relief is not granted; (3) that the threatened harm to the movant outweighs whatever damage preliminary injunctive relief may inflict upon the opposing parties; and (4) that an injunction would not have adverse consequences to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Because the purpose of a preliminary injunction generally "is merely to preserve the relative positions of the parties until a trial on the merits can be held," *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), the Tenth Circuit has identified three types of preliminary injunctions that are particularly disfavored: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *Schrier v. University of Colorado*, 427 F.3d 1253, 1258-1259 (10th Cir. 2005). "Such

3

disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259 (internal quotations and citations omitted).[2] A preliminary injunction is characterized as "mandatory" if it affirmatively requires the nonmovant to act in a particular way and as a result places the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction. *Id.* at 1261. Also pertinent to the Court's decision in this case is the long-established principle that federal courts generally do not intrude into the daily operations of prisons. Prison officials retain broad discretion in administering jails and prisons. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987). This discretion clearly extends to administrative decisions regarding inmate classifications, housing assignments and transfers.

In this case, Plaintiff seeks a preliminary injunction requiring prison officials to place her former cellmate, who is not a party to this action, in the facility's segregated housing unit until either the Plaintiff or the other inmate is transferred to a different facility. Such relief

---

[2]Although disfavored preliminary injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course," such injunctions are not subject to a "heavy and compelling" standard as the Tenth Circuit had previously held in *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-1099 (10th Cir. 1991). *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc) ("[The court] jettison[s] that part of *SCFC ILC* which describes the showing the movant must make [when the movant requests a disfavored injunction] as 'heavily and compellingly.'"), *affirmed and remanded by Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, ___ U.S. ___, 2006 WL 386374 (Feb. 21, 2006). Nevertheless, a party seeking a disfavored preliminary injunction must satisfy a "heightened standard" and must make a "strong showing" both with regard to likelihood of success on the merits and with regard to the balance of harms. *Id.* at 975-976.

4

would fall into the category of mandatory injunctive relief and, further, would place the court in the position of intruding into and supervising the daily operations of a prison facility in matters that clearly call for the professional expertise of prison administrators. Plaintiff has not made a clear showing of her entitlement to such extraordinary injunctive relief.

According to Plaintiff's allegations, Plaintiff was assaulted on May 29, 2005, by her former cellmate. After the assault, the inmate was charged with misconduct in a disciplinary proceeding and was convicted of assault. Prison officials disciplined the inmate by placing her in the facility's segregated housing unit, and the inmate was released from segregation on September 21, 2005. Upon her release, the inmate was assigned to a different housing unit at the same facility. Plaintiff has notified prison officials of her continuing fear of the other inmate. Plaintiff states that she "has a separatee" against the inmate, placing officials on notice of the need to keep Plaintiff separated from the inmate. She has requested that she and the other inmate be separated, and they have been. On the record before the Court, Plaintiff has not made a strong showing that there is a substantial likelihood that she will succeed on the merits of her claim against Defendants. Further, Plaintiff has provided no proof that the actions taken by the prison officials since the assault have not been sufficient to protect her, and she has provided no evidence, other than her speculative belief, that she will incur future injury unless a preliminary injunction is entered on the terms she requests. Policy interests dictate that the federal courts refrain from intruding into the daily operations of prisons absent a strong showing that such extraordinary relief is warranted. Having given

careful consideration to the exigencies of the case, the Court concludes that Plaintiff's Motion for Preliminary Injunction should be denied.

## RECOMMENDATION

It is recommended that Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. #51] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any such objections must be filed with the Clerk of the District Court by March   21st  , 2006.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation only partially disposes of the issues referred by the District Judge.  Therefore, this Report and Recommendation does not terminate the referral.

ENTERED this   1st   day of March, 2006.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE